COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-289-CR

 

 

JOSEPH L. YARBOROUGH                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his plea of not guilty, a jury convicted
Appellant Joseph L. Yarborough of aggravated assault with a deadly weapon.  Appellant pled true to the habitual offender
allegations, and the trial court sentenced him to sixty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  In four points on appeal,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction and that he received ineffective assistance at
trial.  Because we hold that the evidence
is sufficient to support Appellant=s
conviction and that he has not proven ineffective assistance of counsel at
trial, we affirm the trial court=s
judgment.

In his first two points, Appellant contends that
the evidence is legally and factually insufficient to support his conviction
because there is no evidence that the complainant, Bruce Jones, was struck by a
bottle.  The complainant, who candidly
admitted that he did not see who attacked him or remember much about it,
testified that the hard item that he was hit in the head with was not a fist,
that while it could have been anything, he Athought it
was probably a bottle,@ and that Ait just
felt like a bottle.@ 
Eyewitness R.L., who was thirteen at the time of the offense, testified
that he saw either Appellant or his accomplice strike the complainant in the
head with a bottle.  Officer Kirk Wisdom
testified that when he arrived at the scene, Appellant and the accomplice were
standing over the complainant, and Appellant held a forty-ounce beer bottle in
his hand.  Appellant threw the bottle
toward a nearby fence when Officer Wisdom turned on his spotlight.  Wisdom saw a lot of blood on the complainant=s face.








The accomplice, Eddie Gallagher, testified that
both he and Appellant threw a bottle at the complainant.  He further testified that Appellant threw a
bottle at the complainant=s head while he was lying on the
ground and that the bottle Ahad
broken towards his C you know, his face.@  He also testified that he had already pled
guilty to aggravated assault with a deadly weapon for his role in the offense
and had been placed on deferred adjudication community supervision.

While it is true that none of the witnesses saw
blood on the bottle, there was also no evidence that the bottle was tested for
the presence of blood.  Appellant was
charged individually and under the law of parties.  Based on the appropriate standards of review,[2]
we hold that the evidence is legally and factually sufficient to support
Appellant=s conviction.  We overrule Appellant=s first
two points.








In his third and fourth points, Appellant
contends that he was denied effective assistance of counsel under the federal
and state constitutions when defense counsel at trial failed to object to the
prosecutor=s argument allegedly misstating
the evidence and that defense counsel=s
arguing part of those same alleged misstatements of evidence compounded the
error.  Specifically, Appellant complains
that defense counsel failed to object to these arguments:

[T]hey hit him with a bottle, both of them did.

 

. . .
.

 

I don=t know if [Appellant]
struck him with the bottle himself but I know for a fact that Edward Gallagher
did because he said that he did so from the stand, and I know from all the
evidence that the defendant here was certainly working with him, encouraging
him, assisting him in the offense.

 

Appellant also complains
that trial counsel made the following arguments:

 

Mr. Gallagher is the one
that grabs the bottle, picks it up, he=s the one that hits the defendant C hits the victim over the
head.

 

. . . . 

 

The only one that used a
deadly weapon C and there was no direction,
no control over him to tell him to do it, to stop him from doing it, the only
one that used a deadly weapon was Mr. Gallagher.

 








Appellant contends that in light of the charge on
the law of parties and the absence of evidence that either Appellant or
Gallagher actually struck the complainant with a bottle, there is no rational
basis for defense counsel to have essentially conceded Appellant=s guilt
under the law of parties.  Our review of
the record reveals evidence that both Appellant and Gallagher threw a bottle at
Appellant=s head and that at least one of
them actually hit him with a bottle. 
Further, our review of defense counsel=s
argument shows that he was trying to pin all the blame on Gallagher and defeat
the charge on the law of parties. 
Consequently, based on the applicable standard of review,[3]
we hold that Appellant has not satisfied his burden of proving ineffective
assistance of counsel at trial.  We
overrule his third and fourth points.

Having overruled all of Appellant=s
points, we affirm the trial court=s
judgment.

PER CURIAM

PANEL F:    DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  June 8, 2006











[1]See Tex. R. App. P.
47.4.





[2]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000) (all providing the standard for legal sufficiency); Zuniga v. State,
144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of
review); Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2005); Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001); Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim. App.
1999), cert. denied, 528 U.S. 1082 (2000); Hernandez v. State,
939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (all providing the standard for
reviewing accomplice testimony).





[3]See Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66,
2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. App.
1999).